## W. J. KILLIAN v. STATE.

No. A-4980. Opinion Filed April 28, 1925.

(235 Pac. 625.)

(Syllabus.)

1. **Evidence—Neither Liquor nor Evidence of Possession, Obtained by Unlawful Search, Admissible.** Where defendant is charged with unlawfully having intoxicating liquor in his possession, if the liquor or evidence of defendant's possession was obtained by an unlawful search and seizure, neither the liquor so secured, nor the evidence of possession, is admissible against him, in a prosecution for the alleged offense.

2. **Trial—Unnecessary Before Trial to Move to Reject Evidence Obtained by Unlawful Search.** It is unnecessary for the defendant before trial to move the court to reject evidence obtained by means of an unlawful search or seizure, but objection is properly and seasonably made when that fact appears.

3. **Intoxicating Liquors—Evidence not Sustaining Conviction for Unlawful Possession.** Evidence examined, and held insufficient to sustain conviction for unlawful possession of intoxicating liquor.

Appeal from County Court, Beckham County; Oscar Speed, Judge.

W. J. Killian, convicted of illegal possession of intoxicating liquor, appeals. Reversed.

D. W. Tracy, for plaintiff in error.

George F. Short, Atty. Gen., and Charles Hill Johns, Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error was tried upon an information charging that, in Beckham county, on July 6, 1923, he did have possession of "about three pints of corn whisky in three pint bottles, with the unlawful intent then and there on the part of him, the said W. J. Killian, to violate the provisions of the prohibitory laws." He was found guilty by the jury. The court sentenced the defendant to pay a fine of $100 and to be confined for 30 days in the county jail. From the judgment he appeals, and as-

signs as error that the verdict is not sustained by sufficient evidence, and that the court erred in admitting incompetent evidence.

George Scott, deputy sheriff, testified: That he went into the defendant's rooming house and found some men intoxicated, and he told the defendant it did not look good. Defendant said it was just roomers. Witness then went back to town and got a flash light, and returned with Mr. Al De Shane, and they searched the house. That witness saw the defendant run out the back door and ran after him, and defendant threw three bottles on the sidewalk. That he then arrested the defendant. That he smelled whisky. He was then asked by the county attorney: "Are you able to state what was in the bottles?" and answered: . "No, sir." Thereupon the defendant moved to strike out the evidence of the witness based upon a search, or obtained thereby, which was overruled. Exception.

Cross-examination, he stated that he could not say where the odor of whisky came from, that he could not say whether it was beer, whisky, or alcohol, but that the smell was alcoholic.

Al De Shane testified that he assisted Mr. Scott in making the search, and that he found three or four empty bottles in the house. In answer to questions by the court, he said that the defendant ran a meat market and rooming house in Sayre, and had some 20 or 30 cots in one room.

Motion was made to strike out the evidence concerning the bottles found about the house, which was overruled, exception. The state then rested, and the defendant moved for a directed verdict, on the ground that the evidence was insufficient to connect him with the alleged offense. Which was overruled.

As a witness in his own behalf, the defendant testified that when the officers came in to search his place he

picked up the bottles and ran out and broke them; that he did not know what was in them, nor whose they were, but they were not his; that he thought if the officers found them there they would hold him responsible; that he had never before been arrested.

The Attorney General insists that the defendant failed to make a timely objection to the introduction of such evidence secured under the unlawful search and seizure. In his objection to the testimony the defendant did not specifically state that the admission of this testimony violated any of his constitutional rights, but his exceptions were based upon the ground that the search was unlawful and the testimony incompetent. The statute provides:

"Where any party desires to object to any question put to a witness, either before a court or tribunal or upon the taking of depositions upon notice, the ordinary objections of incompetency, irrelevancy or immateriality, shall be deemed to cover all matters ordinarily embraced within such objections and it shall not be necessary to specify further the grounds of such objections or to state the specific reasons whereby the question is so objectionable; but the court or opposing counsel may inquire of the objector wherein the question is so objectionable and the objector shall thereupon state specifically his reasons or grounds for such objections." Section 609, C. S. 1921.

Under the statute we think the objections made, when it appeared that the officers had raided the premises without a search warrant or other process, were sufficient to raise the question. The question was also properly saved by the motion to strike out the testimony because illegally obtained, and by the motion for a directed verdict. It is true the better practice would be to object to the introduction of the evidence when offered, on the ground that the same was obtained in violation of the constitutional rights of the defendant.

We are also of the opinion that, if the evidence was competent and admissible, it would be insufficient to show

an intention to violate provisions of the prohibitory liquor laws as alleged in the information.

For the reasons stated, the judgment of conviction is reversed.

BESSEY, P. J., and EDWARDS, J., concur.